**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**FILED**

**March 10, 1998**

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| JAMES T. FITE, | ) |
| Appellant, | ) C.C.A. NO. 01C01-9708-CR-00377 |
| | ) |
| | ) DAVIDSON COUNTY |
| VS. | ) (No. 2622 Below) |
| | ) |
| KENNETH LOCKE, WARDEN, | ) The Hon. Seth Norman |
| | ) |
| Appellee. | ) (Denial of Habeas Corpus Petition) |
| | ) AFFIRMED PURSUANT TO RULE 20 |

**O R D E R**

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Finding that the trial court properly held that the appellant failed to state a cognizable claim for habeas corpus relief, we grant the state's motion to affirm the judgment pursuant to Rule 20.

It appears that the appellant pled guilty in Dekalb County to vehicular homicide, aggravated assault, and felony bail jumping. He was sentenced to serve consecutive sentences of eleven, three, and three years, respectively, as a Range I offender. This Court affirmed the appellant's sentences, State v. James T. Fite, No. 89-218-III (Tenn. Crim. App., at Nashville, Apr. 25, 1990), and subsequently, this Court affirmed the trial court's denial of post-conviction relief, James T. Fite v. State, No. 01C01-9209-CC-00271 (Tenn. Crim. App., at Nashville, Sept. 9, 1993), p.t.a. denied, (Tenn. Feb. 7, 1994).

The appellant contends that he was never properly charged with felony bail jumping and that his sentence credits have not been calculated properly, thus making his sentences expired and his plea bargain violated. In denying relief, the trial court held:

> There is nothing in this petition from which the Court could conclude that the sentences discussed are, in fact, void. There is nothing in this petition from which the Court could conclude that the petitioner is being illegally detained. After a careful reading of this petition, this Court is of the opinion that the

matters raised in the petition should have been questioned in a Post Conviction Relief Petition. As far as this Court can tell, the statute of limitations has long since barred in such petition.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-162 (Tenn.1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered,' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993) (citation omitted in original). The appellant has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. If he successfully carries his burden, the appellant is entitled to immediate release. Id. We find that the appellant has failed to sustain his burden.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner being indigent, costs are taxed to the state.

ENTER, this the _____ day of _____, 1998.

_____
JOHN H. PEAY, JUDGE

CONCUR:

(not participating)_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE